**WO**                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Anthony Charles Hall,

               Plaintiff,

v.

Arizona State Prison, et al.,

               Defendants.

No.    CV-23-00353-TUC-SHR

**ORDER**

      Self-represented Plaintiff Anthony Charles Hall, who is confined in the Arizona State Prison Complex (ASPC)-Douglas and proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and subsequently filed a First Amended Complaint.  The Court denied the First Amended Complaint with leave to amend.  On March 8, 2024, Plaintiff filed a Second Amended Complaint (Doc. 14).  On May 1, 2024, Plaintiff filed a "Motion for Injunction Against Malicious Yard Movements/Retaliation" (Doc. 15).  Plaintiff then filed a May 16, 2024 "Motion for Leave to Amend Addition Request" (Doc. 16), a May 24, 2024 Amended Motion for Leave to Amend Request (Doc. 17), a June 10, 2024 Motion for Leave to Amend Request (Doc. 18), a July 10, 2024 Motion for Leave to Amend Request (Doc. 19), and a July 11, 2024 Motion for Leave to Amend Request (Doc. 20).  The Court will dismiss the Second Amended Complaint with leave to amend and deny the pending Motions.

## I.    Statutory Screening of Prisoner Complaints

      The Court is required to screen complaints brought by prisoners seeking relief

JDDL-K

against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  The

Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II.    Second Amended Complaint**

Plaintiff names the following Defendants in his three-count Second Amended Complaint: the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC); ADC Director Ryan Thornell; Correctional Officers III Eva Lopez, Ruben Prieto, and Unknown Segura; Correctional Officer II A.A.; ASPC-Yuma Complex Warden J. Mcadorey; ASPC-Yuma Deputy Warden A. Camacho; ASPC-Douglas Deputy Warden M. Yubeta; and ASPC-Douglas Complex Warden Thompson.  Plaintiff seeks money damages and injunctive relief.

In **Count One**, Plaintiff alleges Defendants violated his First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment due process rights by denying him access to evidence in his civil lawsuit against Mohave County Sheriff's deputies.  Plaintiff claims defense counsel in the civil lawsuit sent him DVDs containing Axon chest camera video and audio recordings, but the DVDs were "were taken straight from [his] legal envelope to the property room."  Plaintiff states the last DVD was received at the prison on October 11, 2022.  Defendant A.A. filled out an "Inmate Property/Contraband/Disposition Tracking Form" regarding the DVD and gave the form to Plaintiff.  Plaintiff "noticed immediately [Defendant A.A.] dated the form 02/10/2023[,]" even though he took the DVDs on October 11, 2022.

According to Plaintiff, there is no "walk-in" law library access at the ASPC-Yuma Dakota Unit and "for months [he] asked anyone [he] could to review the DVD evidence." He was directed to Defendant Lopez, his CO III.  Plaintiff asked Defendant Lopez in person and via letters on his tablet for access to the DVDs.  He alleges Lopez ignored him.  Plaintiff also asked Defendant Prieto, who "kept saying they have no DVDs."

Plaintiff states the defense attorney emailed both Defendants Lopez and Prieto. Plaintiff requested the DVDs from Defendant Prieto multiple times.  Prieto said "he [was]

checking Lewis/Morey Unit for the DVDs," but "turns out, the date for evidence submission ended around 2-6-2023[,] so this is not [only] negligence."  Plaintiff asserts "this is a combination of full denial of fair legal access and possible negligence done to [him], maliciously, by the staff."

Plaintiff was then moved to ASPC-Douglas where he asked property staff to have the DVDs sent from ASPC-Yuma.  He states, after two weeks, he was able to view the DVDs.  Plaintiff claims the evidence was kept from him because it was "mostly fake Axon chest cam evidence, and a fake 911 call recording," which he "would have been able to defend against."  Plaintiff states he has a left leg tattoo the person in the video does not have.  Plaintiff claims he was "purposefully denied this legal access, thus [he] was denied disclosure evidence in a federal civil rights lawsuit."

In **Count Two**, Plaintiff alleges he was denied access to the courts in violation of his First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment due process rights. Plaintiff states he was moved to the ASPC-Douglas Mohave Unit on April 9, 2023. According to Plaintiff, the facility is part of Defendant ADC, Defendant Thornell is the Director of ADC, Defendant Thompson is the Complex Warden, Defendant Yubeta is the Deputy Warden for the Mohave Unit, and Defendant Segura is responsible for hiring inmate employees for the mailroom.  Plaintiff claims, after his direct appeal attorney told him she did as much as she could, he "sent in a petition for review, also [a] Motion for Reconsideration," presumably to the state trial court.  Plaintiff claims he "got nothing back," so he "kept writing them."  Plaintiff eventually got a "reply" stating he had "missed the window."  Plaintiff claims he gave his mail to an inmate, "filled some things out, every time [he] went, but [it] seems not everything got through."  Plaintiff also alleges he had to send a letter to the Mohave County Jail regarding evidence in his civil case. Defense counsel's response to the letter included a photocopied image of the envelope in which Plaintiff sent his letter.  Plaintiff claims "legal mail" had been stamped over the outgoing address "as a clear jerk move to keep it from going out."  Shortly thereafter, he claims the inmate working in the mailroom "faked a seizure and was hauled off by medical on a

stretcher." Plaintiff speculates this inmate was stealing his mail from April to July 1, 2023, and faked a seizure "to avoid liability." Plaintiff claims Defendant Segura is liable as the person who employed the inmate.

In **Count Three**, Plaintiff alleges he is denied "freedom of speech" and due process, in violation of the First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments. Plaintiff claims Defendant Yubeta "has employees under her that may or may not but probably do[] steal and censor [his] mail and legal mail." Plaintiff has "noticed a lack of access to courts since the missing outgoing mail from . . . Count II." Plaintiff claims he "had a Petition for Reconsideration, Motion for Reconsideration not go out" and his direct appeal attorney "file[d] a petition for Rule 32 just on her own." He claims "someone filed requesting an attorney" in his civil case, but he "did not file that one." Plaintiff also asserts his post-conviction relief attorney had been writing to him but "has reported to the attorney general she has got no response." Plaintiff alleges after his attorney "finally got a letter through," he was allowed to call her, and she confirmed she had been writing Plaintiff "about every 40 days."

Plaintiff further claims an attorney contacted him about representing him pro bono in his civil case. Plaintiff "filled out the paperwork . . . and sent it back via the legal mail system." Plaintiff argues "it[']s very clear . . . they monitored [him], kept [his] mail from going out, and when [he] ask[ed] to call [the attorney], they just act like they do when [he] complains about these things." Plaintiff alleges staff tried to convince him the attorney wrote to the wrong inmate but this was not true.

Finally, Plaintiff reasserts his claim defendants in his other civil case faked video evidence from his arrest as evidenced by his assertion that he has a left leg tattoo and the person in the video does not.

### III.    Failure to State a Claim

#### A.    Defendant ADC

The ADC is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court

without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore, the Court will dismiss Defendant ADC.

### B.     Counts One and Two - Access to the Courts

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court.  *Id*. at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show he suffered an "actual injury" with respect to contemplated litigation.  *Id*. at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim he wished to present.  *Id*. at 352–53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354.  The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement.  *Id*. at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Moreover, where a prisoner is asserting a backward-looking denial of access claim—seeking a remedy for a lost opportunity to present a legal claim—he must show, among other things, "the loss of a 'nonfrivolous' or 'arguable' underlying claim." *Phillips*

*v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated on other grounds*, 555 U.S. 1150 (2009). A plaintiff does not have to show his claim would have ultimately been successful on the merits, *id.*, but he must show it had arguable merit, *Lewis*, 518 U.S. at 353 n.3.

In Count One, Plaintiff alleges Defendants' failure to provide him with timely access to video and audio evidence in his civil case, CV 21-08199-PHX-GMS (DMF), resulted in his losing the case and the appeal being dismissed. Plaintiff's lawsuit involved a sheriff's deputy's alleged used of excessive force during Plaintiff's arrest. This is not a collateral attack on Plaintiff's sentence or a challenge to the conditions of his confinement. Moreover, the Court's grant of summary judgment in CV 21-08199-PHX-GMS (DMF) was based on a number of undisputed facts offered by the defendant and Plaintiff's own statements made during his deposition. (*See* Doc. 79 in CV-21-08199.) Finally, Plaintiff's appeal of the Judgment in CV-21-08199 is still pending. *See Hall v. Mohave County Sheriff's Department*, No. 23-1967 (9th Cir. 2023). Accordingly, Plaintiff has failed to state an access to courts claim in Count One.

In Count Two, Plaintiff alleges he sent a petition for review and motion for reconsideration, presumably to the state trial court. He speculates an unknown inmate working in the mailroom stole his mail or tampered with it in some way. Plaintiff bases these assertions on his receipt of a photocopy of an envelope in which someone stamped "legal mail" over the outgoing address on his mailed documents. Plaintiff's allegations are too vague to state an access to courts claim. First, Plaintiff has not alleged facts showings his petition for review or motion for reconsideration were "nonfrivolous" or contained an "arguable underlying claim." Further, Plaintiff's allegations regarding his mail are entirely speculative and not linked to a detention officer or other state actor. Plaintiff has therefore failed to state a claim in Count Two.

## C.    Count Three - Mail

Although a self-represented litigant's pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal

interpretation of a civil rights complaint may not supply essential elements of the claim not initially pled.  *Id.*

To state a valid claim under § 1983, plaintiffs must allege they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of each defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In Count Three, Plaintiff alleges Defendant Yubeta's "employees . . . may or may not, but probably do[], steal and censor [his] mail and legal mail."  Plaintiff claims he did not receive his attorney's letters attempting to communicate with him about his post-conviction relief petition, and a letter he sent to an attorney regarding his civil case was apparently never received.  Plaintiff claims Defendant Yubeta "oversees these people," and asserts Defendants Thompson and Thornell are liable as the Warden and ADC Director, respectively.   He further reasserts body camera video used as evidence in his civil case was "faked" and contends "there for sure is a group effort of censoring [his] legal access, legal correspondence, in an effort that deprives [him] of proper due process."

Defendants Yubeta, Thompson, and Thornell are not liable under § 1983 simply because they are the supervisors of individuals who allegedly violated Plaintiff's constitutional rights by not delivering his attorneys' mail to him or by failing to send his correspondence to attorneys.  Plaintiff has not named as Defendants the individual officers

responsible for processing inmate mail.  Further, Plaintiff alleges no facts to support a "group effort of censoring [his] legal access."  Plaintiff has therefore failed to state a claim in Count Three.

**IV.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference.  **Plaintiff may include only one claim per count.**

A third amended complaint supersedes the original Complaint and prior Amended Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint or prior Amended Complaints and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a third amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what each Defendant did or failed to do; (4) how the action or inaction of each Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

1   each Defendant's conduct.  *See Rizzo*, 423 U.S. at 371–72, 377.

2       Plaintiff must repeat this process for each person he names as a Defendant.  If
3   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
4   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
5   failure to state a claim.  **Conclusory allegations that a Defendant or group of**
6   **Defendants has violated a constitutional right are not acceptable and will be**
7   **dismissed**.

8   **V.   Motions**

9       **A.   Injunction**

10      In his Motion for Injunction, Plaintiff seeks an order prohibiting ADC from
11  "performing any yard moves with [his] person."  Plaintiff claims this would prevent prison
12  staff from "utilizing prison as a tool to deny [Plaintiff] of . . . due process."  Whether to
13  grant or deny a motion for a preliminary injunction is within the Court's discretion.  *See*
14  *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979).  An injunction or
15  restraining order is appropriate to grant "intermediate relief of the same character as that
16  which may be granted finally," but relief is not proper when it is requested on matters lying
17  wholly outside the issues in the suit.  *DeBeers Consol. Mines v. United States.*, 325 U.S.
18  212, 220 (1945).  To obtain injunctive relief, the party "must necessarily establish a
19  relationship between the injury claimed in the party's motion and the conduct asserted in
20  the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  In
21  other words, Plaintiff must seek injunctive relief related to the merits of his underlying
22  claims.  Plaintiff's request for injunctive relief (to maintain his present housing assignment)
23  is unrelated to the issues in the underlying complaint (access to courts and mail).
24  Moreover, because the Court will dismiss the Second Amended Complaint, there is
25  presently no complaint pending in this case.  The Court will therefore deny the Motion for
26  Injunction.

27      **B.   Amendment**

28      In his Motions for Leave to Amend, Plaintiff asks to add claims and exhibits to his

Second Amended Complaint.  Because the Court will dismiss the Second Amended Complaint with leave to amend, the Court will deny Plaintiff's Motions as moot.  Plaintiff may include all claims and exhibits in a third amended complaint.  Moreover, the Court will deny and strike any other Motion for Leave to Amend Request filed before the Third Amended Complaint.

**VI.   Warnings**

    **A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.   Possible "Strike"**

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Second Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim.  Plaintiff has up to and including **Monday, August 12, 2024,** to file a third amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a third amended complaint by **Monday, August 12, 2024**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice stating the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and denying any pending unrelated motions as moot.

(3)     Plaintiff's Motion for Injunction (Doc. 15) is **DENIED**.

(4)     Plaintiff's Motions for Leave to Amend (Docs. 16, 17, 18, 19, 20) are **DENIED as moot**.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 12th day of July, 2024.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/23

Phoenix & Prescott Divisions:   **OR**   Tucson Division:
U.S. District Court Clerk                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                   U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

      I hereby certify that a copy of the foregoing document was mailed
      this _____ (month, day, year) to:
      Name: _____
      Address:_____
               Attorney for Defendant(s)

      _____
      (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

    1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.   Counts.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   Issue Involved.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   Injury.   State precisely how you were injured by the alleged violation of your rights.

5.   Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                        Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
             (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

**B.   DEFENDANTS**

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed
as: _____ at_____.
<span style="display:block; text-align:center;">(Position and Title)                                                    (Institution)</span>

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
<span style="display:block; text-align:center;">(Position and Title)                                                    (Institution)</span>

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed
as: _____ at_____.
<span style="display:block; text-align:center;">(Position and Title)                                                    (Institution)</span>

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed
as: _____ at_____.
<span style="display:block; text-align:center;">(Position and Title)                                                    (Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.   PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?         ☐ Yes         ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
      ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
      ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
      ☐ Excessive force by an officer      ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?      ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities                    ☐ Mail                    ☐ Access to the court              ☐ Medical care
☐ Disciplinary proceedings        ☐ Property            ☐ Exercise of religion            ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                            ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
b.  Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                  DATE                                           SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.